UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 11292 DPW**

| | |
|---|---|
| MARIO E. MENDES, ) | |
| Plaintiff ) | Civil Action No. |
| ) | RECEIPT # 65118 |
| V. ) | MAGISTRATE JUDGE_____ AMOUNT $250 |
| ) | SUMMONS ISSUED N/A |
| BRIAN SWEET and ) | LOCAL RULE 4.1 |
| JOAQUIM MIRANDA, ) | WAIVER FORM |
| Defendants ) | MCF ISSUED |
| ) | BY DPTY. CLK. |
| | DATE |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Sweet gives Notice of Removal to this Court of an action brought against him in the Massachusetts Superior Court of Middlesex County. In support thereof, Defendant states the following:

1. Removing party is a Defendant in the above-entitled action.

2. On or about May 5, 2005, the Plaintiff commenced this action in the Middlesex Superior Court of the Commonwealth of Massachusetts. A copy of the Complaint of Civil Action No. 05-1516 is attached as Exhibit A.

3. On or about May 20, 2005 Defendant Sweet was served with the Complaint. A copy of his summons is attached as Exhibit B.

4. No responsive pleadings have been filed in state court by the Defendants.

5. This notice is filed in this Court within thirty (30) days after Defendant's receipt of the Complaint served by Plaintiff.

6. The above-entitled action is a civil rights action for damages and alleges violation of 42 U.S.C. §1983.

7. This Court has original jurisdiction in the above-entitled action pursuant to 28 U.S.C. § 1331, and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

8. Defendant Miranda has assented to this Notice of Removal.

9. Notice of Removal will be given to all counsel promptly after filing this notice, and true and accurate copy of this notice will be filed with the clerk of the Superior Court for Middlesex County, Massachusetts.

10. Pursuant to Local Rule 81.1, certified or attested copies of all records, proceedings, and docket entries in the state court will be filed in this Court within 30 days.

WHEREFORE, Defendant Sweet gives notice of the removal of all claims against him from the Superior Court of Middlesex County, Massachusetts to this Court.

Respectfully submitted,

For Defendant Brian Sweet,
By his Attorneys,

Brian Rogal, Esquire, BBO# 424920
LAW OFFICES OF TIMOTHY M. BURKE
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

Assented To
Joaquim Miranda
By his Attorneys

*[signature]*

Leonard Kesten, Esquire  BBO# 542042   Jr.
One Exeter Place
Boston, Ma. 02116
617-880-7100

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via first class mail, postage pre-paid.

Date: 6/16/05                    *[signature]*



EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                    SUPERIOR COURT
                                                 CIVIL ACTION NO. 05-1516

|  |  |
|---|---|
| MARIO E. MENDES ) | |
| Plaintiff, ) | |
| ) | FIRST |
| v. ) | AMENDED COMPLAINT |
| ) | |
| BRIAN SWEET and ) | |
| JOAQUIM MIRANDA, ) | |
| Defendants. ) | |

1. Plaintiff, Mario E. Mendes, is an individual who resides in Manchester, New Hampshire.

2. Defendant Brian Sweet ("Sweet") is a Massachusetts state police trooper who, at all times material hereto, was acting in his capacity as a police officer under the color of state law, with a usual place of business in Middlesex County, Massachusetts.

3. Defendant Joaquim Miranda ("Miranda") is a Massachusetts state police trooper who, at all times material hereto, was acting in his capacity as a police officer under the color of state law, with a usual place of business in Middlesex County, Massachusetts.

4. On the night of March 8, 2004, plaintiff was driving on Route 3 North towards his home when Miranda pulled him over for allegedly speeding.

5. Due to a misunderstanding, Miranda arrested plaintiff for allegedly driving with a suspended Massachusetts license. Plaintiff eventually was acquitted of this charge.

6. In the course of the arrest, plaintiff was forced chest down against his car and subsequently on the ground. Because he feared that his pacemaker would become dislodged by the contact to his chest, plaintiff tried to cover his pacemaker with his hand.

7. While plaintiff was covering his pacemaker with his hand, Miranda called for back-up and several other officers arrived on the scene, including defendant Sweet.

8. Plaintiff was handcuffed with both hands behind his back and placed in a state police cruiser.

9. While plaintiff sat handcuffed in the back seat of the cruiser, Sweet came over, opened the door of the cruiser and with no provocation forcefully kicked plaintiff in the chest, causing his lung to collapse, among other injuries. Sweet closed the door, walked away, returned after a moment, opened the door, and kicked plaintiff again.

10. After closing and then opening the door yet again, Sweet tried to kick plaintiff a third time. This time, however, plaintiff anticipated the assault and scrunched down in an attempt to avoid it. As he did so, plaintiff noticed his glasses on the ground and asked Sweet for them. In response, Sweet stomped on the glasses.

11. Plaintiff was taken to the Andover state police barracks and booked on charges of driving with a suspended right to drive, driving without a license, disorderly conduct, resisting arrest, and assault and battery on a police officer.

12. Miranda filed a false police report stating, among other things, that the plaintiff had pushed him and struck him in the chest several times.

13. On the way to, and while at, the Andover barracks, plaintiff was in obvious pain and physical distress, but Miranda offered him no medical attention.

14. At a subsequent criminal jury trial, Miranda falsely testified that plaintiff had shoved him.

15. The jury acquitted plaintiff of all charges except resisting arrest.

16. Plaintiff has fulfilled all presentment requirements of the Massachusetts Torts Claims Act.

## COUNT I
### (Assault and Battery – Sweet)

17. Plaintiff adopts by reference paragraphs 1-16 herein.

18. By his conduct and actions, Sweet committed an assault and battery upon plaintiff, causing him serious injuries, lost employment, great pain of body and mind, and other damages.

### COUNT II
### (Intentional Infliction of Emotional Distress – Sweet)

19. Plaintiff adopts by reference paragraphs 1-18 herein.

20. The conduct of defendant Sweet was beyond all bounds of decency and utterly intolerable in a civilized community.

21. Sweet knew or should have known that his conduct would cause plaintiff emotional distress.

22. As a result of his conduct, plaintiff suffered severe emotional distress and other damages.

### COUNT III
### (Malicious Prosecution - Miranda)

23. Plaintiff adopts by reference paragraphs 1-16 herein.

24. Miranda fabricated the charge that plaintiff assaulted him, filed a false police report and maliciously charged plaintiff with assault and battery on a police officer.

25. Plaintiff was acquitted of the charge of assault and battery on a police officer.

26. There was no probable cause for charging plaintiff with assault and battery on a police officer.

27. No reasonable police officer in Miranda's position could have believed that it was lawful to institute a criminal charge of assault and battery of a police officer against plaintiff.

28. As a result of Miranda's malicious prosecution, plaintiff has suffered damages.

### COUNT IV
### (Massachusetts Civil Rights Violation – Sweet and Miranda)

29. Plaintiff adopts by reference paragraphs 1-28 herein.

30. Through threats, intimidation and/or coercion, defendants interfered with plaintiff's rights secured by the Constitution and laws of the United States and Massachusetts.

3

31. As a result of the defendants' actions, plaintiff suffered serious injuries, lost employment, great pain of body and mind, and other damages.

## COUNT V
### (Civil Rights Violation under 42. U.S. C. §1983 – Sweet and Miranda)

32. Plaintiff adopts by reference paragraphs 1-28 herein.

33. By their conduct, defendants deprived plaintiff of privileges and immunities secured to him by the Constitution of the United States, the result of which caused plaintiff to suffer serious injuries, lost employment, great pain of body and mind, and other damages.

34. Defendants' conduct was motivated by an evil motive or intent and/or involved reckless or callous indifference to the plaintiff's' federally protected rights.

## COUNT VI
### (Negligence - Miranda)

35. Plaintiff adopts by reference paragraphs 1-28 herein.

36. Miranda was aware, or should have been aware, that plaintiff required medical attention for injuries he suffered after his arrest.

37. Miranda had the duty to obtain medical attention for the plaintiff, but failed to do so.

38. As a result of the failure to provide medical attention, plaintiff suffered great pain of body and mind, and other damages.

WHEREFORE, plaintiff demands judgment against the defendants in an amount to compensate him fairly and adequately for his damages, together with interest, costs of suit, attorneys' fees, and punitive damages.

[Signature on next page]

PLAINTIFF,
By his attorneys,

_____
Shannon M. Fitzpatrick
BBO # 551090
Nathanson & Goldberg, P.C.
Two Oliver Street
Eighth Floor
Boston, MA 02109
(617) 210-4812

Case 1:05-cv-11292-DPW   Document 1-2   Filed 06/20/2005   Page 5 of 6

5

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1516

Mario E. Mendes, Plaintiff(s)

v.

Brian Sweet, Defendant(s)
and Joaquim Miranda

## SUMMONS

To the above-named Defendant: Joaquim Miranda

You are hereby summoned and required to serve upon Shannon M. Fitzpatrick, Nathanson & Goldberg, P.C. plaintiff's attorney, whose address is 2 Oliver Street, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, East Cambrridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ **Barbara J. Rouse**, Esquire, at Cambridge, MA the 5th day of May, in the year of our Lord 2005.

TRUE ATTEST COPY
5/20/5
DEPUTY SHERIFF

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (name of first party on each side only)_____
   _____ Mario E. Mendes v. Brian Sweet_____

2. CATEGORY IN WHICH THE CASE BELONGS, BASED UPON THE NUMBERED NATURE OF SUIT LISTED IN THE CIVIL COVER SHEET: (SEE LOCAL RULE 8(a))

   _____ I.   - 160, 410, R.23, regardless of nature of suit.

   __X__ II.  - 195, 368, 400, 440, 441-444, 540, 550,
               710, 720, 730, 740, 790, 791, 820, 830,
               840, 850, 890, 892-894, 895, 950.

   _____ III. - 110, 120, 130, 140, 151, 190, 210, 230,
               240, 245, 290, 310, 315, 320, 330, 340,
               345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   _____ IV.  - 220, 422, 423, 430, 460, 510, 530, 610,
               620, 630, 640, 650, 660, 690, 810, 861-865,
               870, 871, 875, 900.

   _____ V.   - 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES (see Local Rule 8(d)
   _____ None _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS, AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE US OR AN OFFICER, AGENT OF EMPLOYEE OF THE US A PARTY?_____
   (see 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE WESTERN SECTION OF THE DISTRICT OF MASSACHUSETTS IN THE COUNTIES OF: No

   Berkshire, Franklin, Hampden, and Hampshire

8. DO THE ONLY PARTIES IN MASSACHUSETTS RESIDE IN THE WESTERN SECTION?

   YES_____    NO  X

9. IF ANY OF THE PARTIES ARE THE US, THE COMMONWEALTH OF MASS, OR ANY GOVERNMENTAL AGENCY OF EITHER THE US OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE WESTERN SECTION OF THE DISTRICT  No

(Please Print)
Attorney's Name   Brian Rogal

Address_____ 160 Gould Street, Suite 111, Needham, MA  02494

Telephone No.     (781)455-0707

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Mario E. Mendes

**DEFENDANTS**
Brian Sweet and
Joaquim Miranda

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Shannon M. Fitzpatrick
Nathanson & Goldberg, P.C.
Two Oliver Street, Eighth Floor
Boston, MA 02109  (617)210-4812

ATTORNEYS (IF KNOWN)
Brian Rogal
Law Offices of Timothy Burke
160 Gould St., Suite 111
Needham, MA 02494 (781)455-0707/

Leonard Kesten
Brody, Hardoon P&K
1 Exeter Plaza
Boston, MA 02116
(617)880-7100

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders Suits | ☐ 371 Truth In Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C § 1983.  Alleged Excessive Force By Police Officers

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions): JUDGE _____ DOCKET NUMBER _____
IF ANY

DATE  6/17/05

SIGNATURE OF ATTORNEY OF RECORD  /s/ B. Rogal

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___