MICV2005-01516

MARIO E. MENDES

V.

BRIAN SWEET, ET AL

****REMOVED TO US DISTRICT COURT****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-01516

I, Anne M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 4th of May, in the year of our Lord, Two Thousand Five



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 27th of June, in the year of our Lord, Two Thousand Five

Deputy Assistant Clerk

#05-1516

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## 05 11292 DPW

| | |
|---|---|
| MARIO E. MENDES, | ) |
| Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| BRIAN SWEET and | ) |
| JOAQUIM MIRANDA, | ) |
| Defendants | ) |
| | ) |

Civil Action No.

I hereby certify on _____ that the foregoing document is true and correct copy of the electronic docket in the captioned case electronically filed original filed on_____ original filed in my office on _____

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:_____
Deputy Clerk

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Sweet gives Notice of

Removal to this Court of an action brought against him in the Massachusetts Superior

Court of Middlesex County. In support thereof, Defendant states the following:

1.  Removing party is a Defendant in the above-entitled action.

2.  On or about May 5, 2005, the Plaintiff commenced this action in the
    Middlesex Superior Court of the Commonwealth of Massachusetts. A
    copy of the Complaint of Civil Action No. 05-1516 is attached as Exhibit
    A.

3.  On or about May 20, 2005 Defendant Sweet was served with the
    Complaint. A copy of his summons is attached as Exhibit B.

4.  No responsive pleadings have been filed in state court by the Defendants.

5.  This notice is filed in this Court within thirty (30) days after Defendant's
    receipt of the Complaint served by Plaintiff.

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 2 7 2005

Edward J. Sullivan
CLERK

6.    The above-entitled action is a civil rights action for damages and alleges violation of 42 U.S.C. §1983.

7.    This Court has original jurisdiction in the above-entitled action pursuant to 28 U.S.C. § 1331, and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

8.    Defendant Miranda has assented to this Notice of Removal.

9.    Notice of Removal will be given to all counsel promptly after filing this notice, and true and accurate copy of this notice will be filed with the clerk of the Superior Court for Middlesex County, Massachusetts.

10.    Pursuant to Local Rule 81.1, certified or attested copies of all records, proceedings, and docket entries in the state court will be filed in this Court within 30 days.

WHEREFORE, Defendant Sweet gives notice of the removal of all claims against him from the Superior Court of Middlesex County, Massachusetts to this Court.

Respectfully submitted,

For Defendant Brian Sweet,
By his Attorneys,

Brian Rogal, Esquire, BBO# 424920
LAW OFFICES OF TIMOTHY M. BURKE
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

8. While plaintiff sat handcuffed in the back seat of the cruiser, Sweet came over, opened the door of the cruiser and with no provocation forcefully kicked plaintiff in the chest, causing his lung to collapse, among other injuries. Sweet closed the door, walked away, returned after a moment, opened the door, and kicked plaintiff again.

9. After closing and then opening the door yet again, Sweet tried to kick plaintiff a third time. This time, however, plaintiff anticipated the assault and scrunched down to avoid it. As he did so, plaintiff noticed his glasses on the ground and asked Sweet for them. In response, Sweet stomped on the glasses.

10. Plaintiff was taken to the Andover state police barracks and booked on charges of driving with a suspended right to drive, driving without a license, disorderly conduct, resisting arrest, and assault and battery on a police officer.

11. Miranda filed a false police report stating, among other things, that the plaintiff had pushed him and struck him in the chest several times.

12. On the way to, and while at, the Andover barracks, plaintiff was in obvious pain and physical distress, but Miranda offered him no medical attention.

13. At a subsequent criminal jury trial, Miranda falsely testified that plaintiff had shoved him.

14. The jury acquitted plaintiff of all charges except resisting arrest.

15. Plaintiff has fulfilled all presentment requirements of the Massachusetts Torts Claims Act.

## COUNT I
## (Assault and Battery - Sweet)

16. Plaintiff adopts by reference paragraphs 1- 15 herein.

17. By his conduct and actions, Sweet committed an assault and battery upon plaintiff, causing him serious injuries, lost employment, great pain of body and mind, and other damages.

2

## COUNT II
## (Intentional Infliction of Emotional Distress - Sweet)

18. Plaintiff adopts by reference paragraphs 1-17 herein.

19. The conduct of the defendant Sweet was beyond all bounds of decency and utterly intolerable in

a civilized community.

20. Sweet knew or should have known that his conduct would cause plaintiff emotional distress.

21. As a result of his conduct, plaintiff suffered severe emotional distress.

## COUNT III
## (Malicious Prosecution - Miranda)

22. Plaintiff adopts by reference paragraphs 1-15 herein.

23. Miranda fabricated the charge that plaintiff assaulted him, filed a false police report and

maliciously charged plaintiff with assault and battery on a police officer.

24. Plaintiff was acquitted of the charge of assault and battery on a police officer.

25. There was no probable cause for charging plaintiff with assault and battery on a police

officer.

26. No reasonable police officer in Miranda's position could have believed that it was lawful to

institute a criminal charge of assault and battery of a police officer against plaintiff.

27. As a result of Miranda's malicious prosecution, plaintiff has suffered damages.

## COUNT IV
## (Massachusetts Civil Rights Violation – Sweet and Miranda)

28. Plaintiff adopts by reference paragraphs 1- 27 herein.

29. Through threats, intimidation and/or coercion, defendants interfered with plaintiff's rights

secured by the constitution and laws of the United States and Massachusetts.

30. As a result of the defendants' actions, plaintiff suffered serious injuries, lost employment, great

pain of body and mind, and other damages.

3

## COUNT V
### (Civil Rights Violation under 42 U.S.C. § 1983 – Sweet and Miranda)

31. Plaintiff adopts by reference paragraphs 1-27 herein.

32. By their conduct, defendants deprived plaintiff of privileges and immunities secured to him by
the Constitution of the United States, the result of which caused plaintiff to suffer serious
injuries, lost employment, great pain of body and mind, and other damages.

33. Defendants' conduct was motivated by an evil motive or intent and/or involved reckless or
callous indifference to the plaintiff's federally protected rights.

## COUNT VI
### (Negligence – Miranda)

34. Plaintiff adopts by reference paragraphs 1-15 herein.

35. Miranda aware, or should have been aware, that plaintiff required medical attention for injuries
he suffered during and after his arrest.

36. Miranda had the duty to obtain medical attention for the plaintiff, but failed to do so.

37. As a result of the failure to provide medical attention, plaintiff suffered great pain of body and
mind, and other damages.

WHEREFORE, plaintiff demands judgment against the defendants in an amount to compensate him
fairly and adequately compensate him for his damages, together with interest, costs of suit,
attorney's fees, and punitive damages.

PLAINTIFF,
By his attorneys,

Dated: May 3, 2005

Shannon M. Fitzpatrick (BBO# 551090)
NATHANSON & GOLDBERG
Two Oliver Street, 8th Floor
Boston, MA 02109
(617) 210-4812

4

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1516 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

**PLAINTIFF(S)**

Mario E. Mendes

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

Shannon M. Fitzpatrick   617-210-4812
Nathanson & Goldberg, 2 Oliver Str., Boston
Board of Bar Overseers number: 551090      MA  02109

**DEFENDANT(S)**

John Doe Sweet and Joaquim Miranda

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | Civil rights | ( A ) | ( x ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................... $3,964.19
2. Total Doctor expenses .................................................... $ 469
3. Total chiropractic expenses .............................................. $
4. Total physical therapy expenses ......................................... $
5. Total other expenses (describe) ......................................... $

Subtotal $ ............

B. Documented lost wages and compensation to date ............................. $1,000 (est)
C. Documented property damages to date ....................................... $
D. Reasonably anticipated future medical and hospital expenses ................ $
E. Reasonably anticipated lost wages ......................................... $
F. Other documented items of damages (describe)
Attorneys' fees incurred in defending malicious criminal prosecution.   $ 7,706.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff was forcefully kicked in the chest and knee by a uniformed
State Police Trooper while handcuffed in sitting in police cruiser, resulting in
collapsed lung and bruises and suspected broken ribs.   $ ............

TOTAL $ 13,139,19 ...

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
... OF MIDDLESEX
MAY 04 2005
CLERK

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record   DATE: 5-3-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
CIVIL ACTION NO. 05-1516

MARIO E. MENDES )
Plaintiff, )
)
) FIRST
v. ) AMENDED COMPLAINT
)
BRIAN SWEET and )
JOAQUIM MIRANDA, )
Defendants. )

1. Plaintiff, Mario E. Mendes, is an individual who resides in Manchester, New Hampshire.

2. Defendant Brian Sweet ("Sweet") is a Massachusetts state police trooper who, at all times
   material hereto, was acting in his capacity as a police officer under the color of state law,
   with a usual place of business in Middlesex County, Massachusetts.

3. Defendant Joaquim Miranda ("Miranda") is a Massachusetts state police trooper who, at all
   times material hereto, was acting in his capacity as a police officer under the color of state
   law, with a usual place of business in Middlesex County, Massachusetts.

4. On the night of March 8, 2004, plaintiff was driving on Route 3 North towards his home
   when Miranda pulled him over for allegedly speeding.

5. Due to a misunderstanding, Miranda arrested plaintiff for allegedly driving with a suspended
   Massachusetts license. Plaintiff eventually was acquitted of this charge.

6. In the course of the arrest, plaintiff was forced chest down against his car and subsequently
   on the ground. Because he feared that his pacemaker would become dislodged by the contact
   to his chest, plaintiff tried to cover his pacemaker with his hand.

FILED
IN THE OFFICE
CLERK C
FOR THE CO
MAY 18 2005

7. While plaintiff was covering his pacemaker with his hand, Miranda called for back-up and several other officers arrived on the scene, including defendant Sweet.

8. Plaintiff was handcuffed with both hands behind his back and placed in a state police cruiser.

9. While plaintiff sat handcuffed in the back seat of the cruiser, Sweet came over, opened the door of the cruiser and with no provocation forcefully kicked plaintiff in the chest, causing his lung to collapse, among other injuries. Sweet closed the door, walked away, returned after a moment, opened the door, and kicked plaintiff again.

10. After closing and then opening the door yet again, Sweet tried to kick plaintiff a third time. This time, however, plaintiff anticipated the assault and scrunched down in an attempt to avoid it. As he did so, plaintiff noticed his glasses on the ground and asked Sweet for them. In response, Sweet stomped on the glasses.

11. Plaintiff was taken to the Andover state police barracks and booked on charges of driving with a suspended right to drive, driving without a license, disorderly conduct, resisting arrest, and assault and battery on a police officer.

12. Miranda filed a false police report stating, among other things, that the plaintiff had pushed him and struck him in the chest several times.

13. On the way to, and while at, the Andover barracks, plaintiff was in obvious pain and physical distress, but Miranda offered him no medical attention.

14. At a subsequent criminal jury trial, Miranda falsely testified that plaintiff had shoved him.

15. The jury acquitted plaintiff of all charges except resisting arrest.

16. Plaintiff has fulfilled all presentment requirements of the Massachusetts Torts Claims Act.

## COUNT I
### (Assault and Battery – Sweet)

17. Plaintiff adopts by reference paragraphs 1-16 herein.

2

18. By his conduct and actions, Sweet committed an assault and battery upon plaintiff, causing him serious injuries, lost employment, great pain of body and mind, and other damages.

## COUNT II
### (Intentional Infliction of Emotional Distress – Sweet)

19. Plaintiff adopts by reference paragraphs 1-18 herein.

20. The conduct of defendant Sweet was beyond all bounds of decency and utterly intolerable in a civilized community.

21. Sweet knew or should have known that his conduct would cause plaintiff emotional distress.

22. As a result of his conduct, plaintiff suffered severe emotional distress and other damages.

## COUNT III
### (Malicious Prosecution - Miranda)

23. Plaintiff adopts by reference paragraphs 1-16 herein.

24. Miranda fabricated the charge that plaintiff assaulted him, filed a false police report and maliciously charged plaintiff with assault and battery on a police officer.

25. Plaintiff was acquitted of the charge of assault and battery on a police officer.

26. There was no probable cause for charging plaintiff with assault and battery on a police officer.

27. No reasonable police officer in Miranda's position could have believed that it was lawful to institute a criminal charge of assault and battery of a police officer against plaintiff.

28. As a result of Miranda's malicious prosecution, plaintiff has suffered damages.

## COUNT IV
### (Massachusetts Civil Rights Violation – Sweet and Miranda)

29. Plaintiff adopts by reference paragraphs 1-28 herein.

30. Through threats, intimidation and/or coercion, defendants interfered with plaintiff's rights secured by the Constitution and laws of the United States and Massachusetts.

3

31. As a result of the defendants' actions, plaintiff suffered serious injuries, lost employment, great pain of body and mind, and other damages.

## COUNT V
### (Civil Rights Violation under 42. U.S. C. §1983 – Sweet and Miranda)

32. Plaintiff adopts by reference paragraphs 1-28 herein.

33. By their conduct, defendants deprived plaintiff of privileges and immunities secured to him by the Constitution of the United States, the result of which caused plaintiff to suffer serious injuries, lost employment, great pain of body and mind, and other damages.

34. Defendants' conduct was motivated by an evil motive or intent and/or involved reckless or callous indifference to the plaintiff's' federally protected rights.

## COUNT VI
### (Negligence - Miranda)

35. Plaintiff adopts by reference paragraphs 1-28 herein.

36. Miranda was aware, or should have been aware, that plaintiff required medical attention for injuries he suffered after his arrest.

37. Miranda had the duty to obtain medical attention for the plaintiff, but failed to do so.

38. As a result of the failure to provide medical attention, plaintiff suffered great pain of body and mind, and other damages.

WHEREFORE, plaintiff demands judgment against the defendants in an amount to compensate him fairly and adequately for his damages, together with interest, costs of suit, attorneys' fees, and punitive damages.

[Signature on next page]

4

PLAINTIFF,
By his attorneys,


Shannon M. Fitzpatrick
BBO # 551090
Nathanson & Goldberg, P.C.
Two Oliver Street
Eighth Floor
Boston, MA 02109
(617) 210-4812

MAS-20041213
gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/28/2005
10:46 AM

# MICV2005-01516
## Mendes v Sweet et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 05/04/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 06/27/2005 | **Session** | C - Cv C (11A Cambridge) | | | |
| **Origin** | 1 | **Case Type** | E17 - Civil Rights Act (12.011H-1) | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 08/02/2005 | **Answer** | 10/01/2005 | **Rule12/19/20** | 10/01/2005 |
| **Rule 15** | 07/28/2006 | **Discovery** | 06/23/2007 | **Rule 56** | 08/22/2007 |
| **Final PTC** | 12/20/2007 | **Disposition** | 05/03/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Mario E. Mendes
Active 05/04/2005

**Private Counsel 551090**
Shannon M Fitzpatrick
Nathanson & Goldberg
2 Oliver Street
8th Floor
Boston, MA 02109
Phone: 617-210-4800
Fax: 617-210-4824
Active 05/04/2005 Notify

**Defendant**
John Doe Sweet
Served: 05/31/2005
Served (answr pending) 06/10/2005

**Defendant**
Joaquim Miranda
Served: 05/20/2005
Served (answr pending) 05/20/2005

**Defendant**
Brian Sweet
Served: 05/31/2005
Served (answr pending) 06/10/2005

**Private Counsel 424920**
Brian J Rogal
Law Offices of Timothy M Burke
160 Gould Street, Suite 111
Needham, MA 02494-2300
Phone: 781-455-0707
Fax: 781-455-8879
Active 06/13/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/04/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/04/2005 | | Origin 1, Type E17, Track A. |

MAS-20041213

gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/28/2005

10:46 AM

## MICV2005-01516
### Mendes v Sweet et al

| Date | Paper | Text |
|------|-------|------|
| 05/18/2005 | 2.0 | First Amended Complaint. |
| 05/31/2005 | 3.0 | SERVICE RETURNED (amended complaint): Joaquim Miranda(Defendant) |
|  |  | 05/20/05 in hd, 485 Maple St., Danvers, MA |
| 06/10/2005 | 4.0 | SERVICE RETURNED: Brian Sweet (John Doe Sweet) of amended complaint |
|  |  | (Defendant) in hd 5/31/05 at the Mass State Police, 520 Fellsway |
|  |  | Medford, MA 02155. |
| 06/27/2005 | 5.0 | Case REMOVED this date to US District Court of Massachusetts  by |
|  |  | defendant Brian Sweet |
| 06/27/2005 |  | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss
[seal]

No.

05-1516

.......... Mario E. Mendes .......... , Plaintiff(s)

v.

Brian .......... Sweet .......... , Defendant(s)
and Joaquim Miranda

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE ...

MAY 3 1 2005

CLERK

## SUMMONS

To the above-named Defendant:   Joaquim Miranda

You are hereby summoned and required to serve upon Shannon M. Fitzpatrick, Nathanson &
.......... Goldberg, P.C. .......... plaintiff's attorney, whose address is .. 2 Oliver Street, ..........
.......... Boston, MA 02109 .........., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ... 40 Thorndike Street,
... East Cambridge, MA 02141 .......... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ...... Cambridge, MA ..........

the ...... 5th .......... day of ...... May ..........

.........., in the year of our Lord .... 2005 .......... .

Edward J Sullivan
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001



**Essex County Sheriff's Department** • PO Box 2019 • Salem, MA 01970 • 978-750-1900 ext. 3590
*Essex, ss.*

May 24, 2005

I hereby certify and return that on 5/20/2005 at 12:40PM I served a true and attested copy of the summons and first amended complaint in this action in the following manner: To wit, by delivering in hand to Sgt. Alteri, agent, person in charge at the time of service for Joaquim Miranda, Trooper, MA State Police, MA State Police Headquarters, 485 Maple St, Danvers MA 01923 . Basic Service Fee ($30.00), Conveyance ($1.50), Travel ($9.60), Postage and Handling ($1.00), Copies ($5.00) Total Charges $47.10

Deputy Sheriff  Chester Kozlosky

_____
*Deputy Sheriff*

Dated: ............................................................................

N.B.  **TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
   **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(                                                                    )
(         ........................................................, ......... )
(                                                                    )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

.............................. Plff.

v.

.............................. Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.
05-1516

.....MIDDLESEX........, ss
[seal]

.Maria.E..Mendes................, Plaintiff(s)

v.

.......Brian.Sweet..............., Defendant(s)
and Joaquim Miranda

FILED
CLERK OF...
JUN 1 0 2005

## SUMMONS

To the above-named Defendant:  Brian Sweet

You are hereby summoned and required to serve upon .Shannon.M..Fitzpatrick,.Nathanson.&.Goldberg

................................................. plaintiff's attorney, whose address is ...2.Oliver.Street,.Boston,

.MA...02109............................................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .....40..Thorndike..Street

East Cambridge, MA  02141..................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
Witness, Suzanne V. DelVecchio, Esquire, at ....Cambridge,..MA...................................................

the ....5th.............................................. day of ....May..........................................................

....................., in the year of our Lord ...2005............................... .

Edward J Sullivan
**Clerk**

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.



**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 410180, Cambridge, MA 02141-1819 • (617) 547-1171

*Middlesex, ss.*

May 31, 2005

I hereby certify and return that on 5/31/2005 at 10:50AM I served a true and attested copy of the SUMMONS AND AMENDED COMPLAINT in this action in the following manner: To wit, by delivering in hand to BRIAN SWEET at MASS STATE POLICE, 520 FELLSWAY, MEDFORD, MA 02155. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($1.20), Postage and Handling ($1.00), Travel ($2.56) Total Charges $39.76

_____
*Deputy Sheriff*

**Deputy Sheriff Stephen Hickey** ..................................................................................

**N.B.  TO PROCESS SERVER:**
  **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
  **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

  (                                                                )
  (        .........................................................., .......... )
  (            ...                                          ..      )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX ......, ss.

.............................. Plff.

v.

.............................. Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

05/10763