UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
MARIO E. MENDES,              )
       Plaintiff          )       CIVIL ACTION NO. 05-11292DPW
                              )
v.                            )
                              )
BRIAN SWEET and               )
JOAQUIM MIRANDA               )
       Defendant          )
_____)

ANSWER OF DEFENDANT BRIAN SWEET TO FIRST AMENDED COMPLAINT

1. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2. The Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. In response to Paragraph 4, Defendant states that on the night of March 8, 2004 Trooper Miranda stopped Plaintiff's motor vehicle because Plaintiff was speeding.

5. In response to Paragraph 5, Defendant states that a check of Plaintiff's motor vehicle license showed that it was listed as suspended by the Registry of Motor Vehicles. As a result, Plaintiff could not legally drive his car that evening. Plaintiff was arrested for disorderly conduct. Defendant is not certain as to the outcome of that charge.

6. In response to Paragraph 6, Defendant states that the Plaintiff was arrested for disorderly conduct. The Plaintiff resisted that arrest and had to be physically taken into custody. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies same.

7. In response to Paragraph 7 Defendant admits that Trooper Miranda called for backup and that Defendant and other officers arrived. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8. The Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

17. Defendants reallege and incorporate herein their answers to the preceding paragraphs in the complaint.

18. The Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants reallege and incorporate herein their answers to the preceding paragraphs in the complaint.

20. The Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. The Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. The Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants reallege and incorporate herein their answers to the preceding paragraphs in the complaint.

24. The Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies same.

26. The Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants reallege and incorporate herein their answers to the preceding paragraphs in the complaint.

30. The Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. The Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff has failed to state a cause of action upon which relief may be granted and therefore this Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

### Second Affirmative Defense

By way of affirmative defense the Defendant says that the Plaintiff was rightfully detained and that the detention was for a reasonable period of time.

### Third Affirmative Defense

By way of affirmative defense the Defendant says that he was justified in his conduct and acts and that therefore the Plaintiff cannot recover.

### Fourth Affirmative Defense

By way of affirmative defense the Defendant says that he was privileged in his conduct and acts and that therefore the Plaintiffs cannot recover.

### Fifth Affirmative Defense

The Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiffs' rights at the time they were committed.

### Sixth Affirmative Defense

The Plaintiffs' Complaint against Defendant is frivolous, without basis in fact and not advanced in good faith. The Defendant is therefore entitled to attorney's fees, costs and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. §1988.

### Seventh Affirmative Defense

Any damage incurred by the Plaintiff as alleged in the Complaint were the result of his own intentional and illegal acts.

### Eighth Affirmative Defense

Defendant says that when the Plaintiff was arrested there was probable cause for making the arrest.

### Ninth Affirmative Defense

At all times relevant hereto, the Defendant was a Massachusetts State Police Officer acting within the scope of his authority and if any physical contact was made between the Defendant and the Plaintiff, such conduct was a fair and reasonable exercise of Defendant's police powers and is therefore immune from liability and/or award of monetary damages.

### Tenth Affirmative Defense

Plaintiffs' Complaint is frivolous, without any basis in fact or law and not advanced in good faith and therefore the Defendant is entitled to attorney's fees, costs and any other sanctions the Court deems appropriate pursuant to M.G.L. c. 231 §6F.

Wherefore the Defendant requests that this Court deny each and every prayer for relief requested by Plaintiff, dismiss this action and award Defendant such other and further relief, including attorney's fees and costs, as this Court may deem appropriate.

### JURY DEMAND

Defendant demands a jury trial on all triable issues.

Respectfully submitted,
Defendant, Brian Sweet
By his Attorney

/s/ Brian Rogal
Brian Rogal, Esq.
BBO #424920
Law Offices of Timothy M. Burke
160 Gould Street, Suite 111
Needham, MA  02494
(781) 455-0707

Certificate of Service

    I hereby certify that I have served a true copy of the foregoing document upon each other attorney of record by mailing first class postage prepaid.

Dated: 7/28/05             /s/ Brian Rogal