UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIO E. MENDES,                    )
                    Plaintiff       )
                                    )
VS.                                 )          Civil Action No. 05-11292-DPW
                                    )
BRIAN SWEET and                     )
JOAQUIM MIRANDA                     )
                    Defendants      )

_____

MOTION TO STRIKE PLAINTIFF'S ANSWERS
TO INTERROGATORIES AND TO COMPEL SIGNED ANSWERS
_____

Now comes the defendant Brian Sweet and moves to strike the plaintiff's answers

to interrogatories and to compel plaintiff to produce properly signed answers. In support

of this motion defendant shows that during plaintiff's deposition he was asked to identify

his signature on the interrogatories that had been produced. He did identify his signature.

Plaintiff was then asked whether he had read the interrogatories or whether someone had

read them to him before he signed them. His answer was no, despite having signed under

penalties of perjury and subject to the statement that the answers were true and correct. It

should be noted that plaintiff's first language is Portuguese and that he required an

interpreter for his deposition despite the fact that he answered many questions in English.

On April 5, 2006, shortly after the deposition, counsel wrote pointing out this

issue and asking that plaintiff have someone read him his answers to interrogatories, and

that person sign a statement that he read the interrogatories to plaintiff and that plaintiff

acknowledged, before signing, that he understood them.  A copy of that letter is attached

hereto as Exhibit A.  Defendant has had no response.

Wherefore defendant prays that the previously submitted answers to

interrogatories be stricken for all purposes other than impeachment, that plaintiff be

ordered to have a competent person translate his answers, orally or in writing; that the

translator be required to sign a statement that he read the interrogatories to plaintiff in

Portuguese or provided him with a written copy in Portuguese and that plaintiff

acknowledged, before signing, that he understood his answers; and that plaintiff be then

ordered to resign his answers to interrogatories under oath.

Respectfully submitted
By Defendant Sweet's Attorney,

 /s/ Brian Rogal
Brian Rogal, Esq., BBO #424920
160 Gould Street, Suite 111
Needham, Massachusetts 02494
(781) 455-0707

# LAW OFFICES OF TIMOTHY M. BURKE

NEEDHAM CORPORATE CENTER
160 Gould Street, Suite 111
Needham, Massachusetts 02494-2300
(781) 455-0707
Facsimile  (781) 455-8879

*Timothy M. Burke*
*Joseph P. Kittredge*
*Sheila E. McCravy*
*Scott W. Dunlap*
*Suzanne T. Caravaggio*

April 5, 2006

*__Of Counsel__*
*Brian J. Rogal*
*Joseph G. Donnellan*

Jose Centeio
Nathanson & Goldberg
Two Oliver Street
Eighth Floor
Boston, Ma. 02109

Re:    Mendes v. Sweet and Miranda
        USDC No. 05-112902 DPW

Dear Mr. Centeio:

        During Mr. Mendes' deposition he was asked to identify his signature on the
interrogatories that had been produced. He did so. He was then asked whether he had
read the interrogatories or whether someone had read them to him before he signed them.
His answer was no. Please correct this by having someone read him the interrogatories,
have him re sign, and providing a signed, notarized statement from the witness that he
read the interrogatories to Mr. Mendes and that Mr. Mendes acknowledged, before
signing, that he understood them.

Very truly yours,

Brian Rogal

cc:  Jeremy Silverfine