UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO E. MENDES,<br>    Plaintiff<br><br>v.<br><br>BRIAN SWEET and<br>JOAQUIM MIRANDA,<br>    Defendants | C.A. No. 05-11292 DPW |

**DEFENDANT JOAQUIM MIRANDA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

The defendant, Joaquim Miranda, submits the following Memorandum of Law in support of his Motion for Summary Judgment. See Fed.R.Civ.P 56.

**A.**    **Summary Judgment Standard**

"When considering the propriety of the entry of summary judgment, the Court must determine whether: . . .the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Jesionowski v. Beck, 937 F.Supp. 95, 100 (D.Mass.1996).

"In making this assessment, the Court is to examine the materials presented "in the light most favorable to the nonmoving party and indulge in all inferences in that party's favor." Jesionowski v. Beck, 937 F.Supp. 95, 100 (D.Mass.1996) quoting Moody v. Boston and Maine Corporation, 921 F.2d 1, 5 (1st Cir. 1990).

Examining the evidence in the light most favorable to the plaintiff, the defendant Miranda is entitled to summary judgment in his favor on Counts III, IV, V and VI of the First Amended Complaint.

**B.     Trooper Miranda Is Entitled to Summary Judgment As Plaintiff Has Admitted No Actionable Misconduct By Trooper Miranda**

In a letter to Attorney General Thomas Reilly sent prior to the date suit was filed, Mr. Mendes' attorney asserts claims on Mr. Mendes' behalf pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258 §2, the Massachusetts Civil Rights Act and the Federal Tort Claims Act, 42 U.S.C. §1983. The letter describes in detail the interaction between Mr. Mendes and Trooper Miranda and clearly states in conclusion that Trooper Miranda did not engage in any actionable misconduct. **(Exhibit 8).**

Under the Federal Rules, an out-of-court statement, admitted to show the truth of what was said, is admissible against a party if it is the statement of "his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." Fed.R.Evid. 801 (d)(2)(D); <u>Union Mutual Life Insurance Company v. Chrysler Corporation</u>, 793 F.2d 1,8(1st Cir. 1986); see also <u>Blake v. Hendrickson</u>, 40 Mass. App. Ct 579, 666 N.E.2d 164, 166 (1996).

The letter constitutes an admission by Mr. Mendes that Trooper Miranda did not engage in any actionable misconduct. The letter was sent by Mr. Mendes' attorney acting as his agent, pursuant to the notice provisions of Section 4 of the Massachusetts Tort Claims Act, which requires that a claimant "present" his claims to the executive office of the public employer in writing within two years after the date on which the action arose. The letter was written to put the

defendants' employer, the Commonwealth of Massachusetts, on notice of the plaintiff's claims pursuant to the statute. It was sent via certified mail to Attorney General Reilly, as required by the statute and was sent prior to the date suit was filed.

The letter was not made in the process of trying to negotiate a settlement, Fed.R.Evid. 804, and is therefore admissible as a representative admission by Mr. Mendes that Trooper Miranda did not engage in any actionable misconduct.. See Union Mutual Life Insurance Company v. Chrysler Corporation, 793 F.2d 1,8(1st Cir. 1986) See also, Urico v. Parnell Oil Company, 708 F. 2d 852, 854 (1983) citing Hiram Ricker & Sons v. Students International Meditation Society, 501 F. 2d 550, 553 (1st Cir. 1974). Trooper Miranda is therefore entitled to summary judgment on Counts III, IV, V and VI.

## C. Count III-Malicious Prosecution

The plaintiff claims that Trooper Miranda fabricated the charge that plaintiff assaulted him, filed a false police report and maliciously charged him with assault and battery on a police officer.

In order to establish a claim for malicious prosecution, the plaintiff must show: (1) the original action was brought maliciously; (2) the original action was without probable cause; and (3) the original action has been terminated in his favor. Beecy v. Pucciarelli, 387 Mass. 589, 593-595(1982).

"Probable cause in the context of a civil action for malicious prosecution, has been defined as '"such a state of facts in the mind of the ... (defendant) as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion,' that the plaintiff had committed a crime." Lincoln v. Shea, 361 Mass. 1, 4-5, 277 N. E. 2d 699 (1972) quoting Muniz v. Mehlman, 327

3

Mass. 353, 359, 99 N. E. 2d 37 (1951). Probable cause is judged by an objective, rather than a subjective, standard. Seelig v. Harvard Coop. Soc., 1 Mass. App. 341, 344, 296 N.E.2d 825 (1973).

In determining whether the defendant's belief was reasonable in an objective sense, the court must examine whether the information known to Trooper Miranda at the time he instituted the complaint, rather than what may turn out later to have been the actual state of things. Carroll v. Gillespie, 14 Mass. App. Ct 12, 19-20, 436 N. E. 2d 431, 436, citing Lincoln v. Shea, supra, 361 Mass. at 5, 277 N.E. 2d 699.

There is no dispute that Mr. Mendes actively resisted being handcuffed by Trooper Miranda and that at some point they ended up in or near the travel lane of Route 3. It is also undisputed that Mr. Mendes was struggling and resisting being handcuffed to such an extent that Trooper Miranda had to call for back up and required the assistance of Mr. Glancy, the tow truck driver to subdue Mr. Mendes. Mr. Glancy's statement corroborates Trooper Miranda's report and his testimony. Trooper Miranda was clearly pushed and jostled during his struggle with Mr. Mendes. A reasonable person in Trooper Miranda's position would therefore have probable cause to believe he had been assaulted and/or battered by Mr. Mendes and had probable cause to bring a charge of assault and battery against him. Thus, there is absolutely no evidence that Trooper Miranda acted maliciously and without probable cause, in bringing the assault and battery charge against Mr. Mendes.

Further, Trooper Miranda prepared his incident report stating clearly the course of events that evening including his struggle with Mr. Mendes and Mr. Mendes conduct in resisting him. There is absolutely no evidence that Trooper

Miranda falsely reported the incident.

The fact that Mr. Mendes was ultimately not convicted of assault and battery upon Trooper Miranda does not contradict the fact that at the time of the incident and when he completed his report, Trooper Miranda objectively and reasonably believed that Mr. Mendes had assaulted and/or battered him.

Inasmuch as Mr. Mendes cannot establish that the assault and battery charge was brought maliciously and without probable cause, Trooper Miranda is entitled to summary judgment on Count III of the First Amended Complaint.

### D.  Count IV-Violation of the Massachusetts Civil Rights Act

In Count IV of the First Amended Complaint, Mr. Mendes claims that his civil rights, as guaranteed by the Massachusetts Civil Rights Act ("MCRA"), G.L. c. 12, §§ 11H and 11I, were violated. The MCRA is "coextensive with 42 U.S.C. §1983 ... except that the Federal statute requires State action whereas its State counterpart does not." Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-23, 473 N.E. 2d 1128 (1985). Thus the arguments set forth below regarding the federal civil rights claims, apply with equal force to the state civil rights claims and similarly warrant a summary judgment in Trooper Miranda's favor on that count as well.

### E. Count V-Violation of 42 U.S.C. §1983

In order to state a cognizable claim under 42 U.S.C. §1983, Mr. Mendes has to allege or present specific facts which show that Trooper Miranda, while acting under the color of law, deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 521 (1981); Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986). Plaintiff here makes vague claims that he was deprived of his civil rights by Trooper Miranda

5

and that Trooper Miranda's conduct was motivated by evil motive or intent and/or involved reckless or callous indifference to plaintiff's federally protected rights.

Plaintiff's Complaint does not set forth any specific facts alleging unconstitutional conduct by Trooper Miranda. The only conduct alleged by plaintiff at his deposition is that Trooper Miranda pushed him against the car while trying to handcuff him.

Any claim of excessive force must be analyzed under the Fourth Amendment and its objective reasonableness standard. See Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989). In Graham, supra, the United States Supreme Court recognized "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. That Court stated that assessing the Fourth Amendment reasonableness of a use of force requires attention to various factors, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is **actively resisting arrest** or attempting to evade arrest by flight." Id. at 396(emphasis added). It further stated that:

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . .
>
> As in other Fourth Amendment contexts, . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

Id. at 396-97 (multiple citations omitted).

The test of reasonableness under the Fourth Amendment was satisfied here, and there is insufficient evidence that Trooper Miranda used excessive force.

Trooper Miranda sought to arrest Mr. Mendes after initially pulling him over because he was speeding. Mr. Mendes does not dispute that he was traveling in excess of the speed limit and was found to have been speeding by the court. When Trooper Miranda ran the plaintiff's license and found that his right to drive in Massachusetts had been suspended he informed the plaintiff of that fact and told him his car would be towed.

Mr. Mendes claims that as he attempted to go to his car to retrieve a letter that allegedly showed his license was not suspended, he was stopped or pushed against the car by Trooper Miranda. Trooper Miranda then told Mr. Mendes to put his hands behind his back that he was under arrest. A struggle ensued as Mr. Mendes was resisting Trooper Miranda's efforts to handcuff him. It is undisputed that Mr. Mendes refused to give Trooper Miranda his left arm so he could be handcuffed and kept his left arm and hand on his chest. This behavior caused Trooper Miranda to exert a certain amount of force in order to handcuff Mr. Mendes, including the use of pepper spray, as Mr. Mendes admittedly refused to submit to the arrest.

Examining the evidence in the light most favorable to Mr. Mendes, Trooper Miranda's actions were "objectively reasonable" in light of the facts and circumstances confronting him as he was trying to arrest Mr. Mendes. Trooper Miranda used no more force than was necessary under the circumstances in order to place Mr. Mendes under arrest and in handcuffs. Thus, Trooper

7

Miranda is entitled to summary judgment on Count IV of the Amended Complaint.

**F.    Count VI-Negligence for Failure to Obtain Medical Treatment**

In Count VI of the Complaint, Mr. Mendes alleges that Trooper Miranda was aware or should have been aware that the plaintiff needed medical treatment after his arrest that he negligently failed to obtain or provide treatment and as a result, Mr. Mendes suffered pain in body and mind.[1]

To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage. See, Estate of Jupin v. Westminster, 447 Mass. 141, 849 N. E. 2d 829. 834-835 (2006) citing J.R. Nolan & L.J. Sartorio, Tort Law §11.1 (3d ed. 2005). The courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists. Luoni v. Berube, 431 Mass. 729, 735, 729 N.E. 2d 1108 (2000).

Assuming that Trooper Miranda owed the plaintiff a duty of care to obtain medical treatment for Mr. Mendes, there was no breach of that duty. There is no dispute that an ambulance was at the scene of the incident shortly after Mr. Mendes was finally subdued and placed in the cruiser. Once there, it was the duty of the emergency personnel, not Trooper Miranda, to provide any medical treatment to Mr. Mendes. Moreover, it is undisputed that the EMTs

---

[1] The plaintiff has not asserted a claim for deliberate indifference to his medical needs. Any such claim would be analyzed under the Due Process Clause of the Fourteenth Amendment. See Jesionowski v. Beck 937 F.Supp. 95 (D.Mass.1996). Any such claim would also fail as an ambulance was called and plaintiff was treated for his visible injuries.

8

examined and treated Mr. Mendes for the only visible injuries they observed, the irritation to his eyes from the pepper spray. Mr. Mendes never complained of any other injuries and never told the EMTs that he had a heart condition or a pacemaker.

Inasmuch as there was no breach of any duty owed by Trooper Miranda to the plaintiff, his negligence claim must fail. Trooper Miranda is therefore entitled to summary judgment on Count VI of the First Amended Complaint.

### G. Trooper Miranda Is Entitled to Qualified Immunity

Trooper Miranda can only be liable to the plaintiff if a reasonable police officer would have known that he was violating clearly established law on March 7, 2004 by using the force described in his attempts to place handcuffs on Mr. Mendes. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982) (government official asserting qualified immunity must establish that his conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

There is no evidence that Trooper Miranda violated any clearly established statutory or constitutional rights of Mr. Miranda on the night in question. Trooper Miranda had a right to use a reasonable amount of force when Mr. Mendes admittedly refused to be handcuffed and actively resisted Trooper Miranda. Graham, supra, 490 U.S. at 396. At most, Mr. Mendes can establish that Trooper Miranda pushed him after telling him he was under arrest, struggling with him and finally pepper-spraying him as he attempted to place him in handcuffs.

Mr. Mendes cannot establish that Trooper Miranda used any more force than was reasonably necessary under the circumstances. Therefore Trooper Miranda is entitled to qualified immunity as there is no evidence that he violated any clearly established statutory or constitutional rights of Mr. Mendes.

## CONCLUSION

For the foregoing reasons, the defendant Joaquim Miranda is entitled to summary judgment on Counts III, IV, V and VI of the First Amended Complaint.

> Defendant,
> Joaquim Miranda,
> By his attorneys,
>
> /s/ Jeremy I. Silverfine
> Leonard E. Kesten, BBO # 542042
> Jeremy Silverfine, BBO # 542779
> Pamela J. Fitzgerald, BBO #563130
> Brody, Hardoon, Perkins & Kesten, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100

Dated: August 28, 2006