UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO E. MENDES,<br>　　Plaintiff,<br><br>v.<br><br>BRIAN SWEET and<br>JOAQUIM MIRANDA,<br>　　Defendants | No. 05-11292DPW |

## PLAINTIFF'S REQUESTED VOIR DIRE QUESTIONS

Now comes the Plaintiff, Mario Mendes, and moves that all the perspective jurors be voir dired individually as to the following questions in order to determine if they are unbiased jurors. Pursuant to such examination, the plaintiff moves that the following brief statement of facts of the case be put to the jurors.

## BRIEF CASE DESCRIPTION

The Plaintiff, Mario Mendes, alleges that the Defendants, Troopers Miranda and Sweet, used excessive force in arresting him on March 7, 2004 on Route 3 North in Chelmsford, Massachusetts and violated his civil rights and that the officers failed to provide him with adequate medical care.

## VOIR DIRE QUESTIONS

1. Do you know or ever had any dealings with any of the parties, attorneys or witnesses to this action, including Mario Mendes and his counsel Jose Couto Centeio, Brian Sweet and his counsel Brian Rogal and Joaquim Miranda and his counsel Jeremy Silverfine?

2. Have you or has any member of your family or any close friend ever held any job with the following organizations:

    (a) Law Enforcement;
    (b) Government;
    (c) State, Local, Municipal, or MBTA Police;
    (d) FBI or DEA;
    (e) Private Security Officers; and
    (f) Auxiliary Police.

3. Have you or any member of your family, or friends been employed by or worked for the defendant Commonwealth of Massachusetts? If so, who, when, and in capacity?

4. Does your job cause you to work with any law enforcement officer or agency?

5. Would you believe a police officer over a lay person simply because he is a police officer officer?

6. This case involves a claim by the plaintiff that the defendant police officers used excessive force in arresting the plaintiff and violated his civil rights, as such:

  (a) Is there anything about these facts and, in particular, the charges that the officers physically abused Mr. Mendes, which would prevent or make it difficult for you to be fair and impartial juror?

  (b) Would you have any hesitancy in reaching a verdict for Mr. Mendes merely because this is a civil rights case against police officers?

  (c) Assuming that you reach a verdict for Mr. Mendes on the issue of liability, that is you find that the defendant officers were liable in this case, would you give the plaintiff a full and fair sum of damages?

7. Do you have an opinion about which is more important—law and order or preserving everyone's constitutional rights? If so, what is your opinion?

8. Do you feel that private citizens who believe they have been treated illegally and unfairly have a right to sue police officers?

9. Would you require Mr. Mendes to prove his case by anything more than a preponderance of the evidence, because he is charging defendants with a violation of his constitutional rights? Proof by preponderance of the evidence requires plaintiff to prove that "more likely than not" his constitutional rights were violated.

10. If, after hearing the evidence and the instructions of the Judge, you find that a police officer had violated plaintiff's rights, would anything cause you to hesitate to make him pay money damages to the person suing him? If so, what?

11. Do you have any opinion about how the problem of police misconduct should be handled by society? If so what are your opinions?

12. Do you feel that a person should be compensated for pain or for emotional and mental distress that another person wrongfully causes him?

13. If the Judge instructed you that compensation for pain and for emotional and mental distress was proper under the law, would you have any hesitation about making such an award if the evidence warranted it?

14. Would it be embarrassing to you and your family if you sat on the jury in this case, and the jury found the defendants liable?

15. Do you belong to any Veterans' organizations? If so, which one and how often do you attend meetings or functions?

16. As a juror, you will take an oath to reach a fair and just verdict. Would you be able to follow that oath in this case and give Mr. Mendes a fair trial?

17. If you were selected as a juror in this case, do you know of any reason why you could not sit as an impartial juror?

Respectfully submitted,
Mario E. Mendes,

                                          By his attorneys,

October 13, 2006

/s/ Jose Couto Centeio
Alvin S. Nathanson, BBO # 367480
Jose Couto Centeio, BBO #554440
Nathanson & Goldberg, PC
2 Oliver Street
Boston, MA 02109
(617) 210-4800