UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARIO E. MENDES,<br>  Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 05-11292DPW |
| BRIAN SWEET and<br>JOAQUIM MIRANDA,<br>  Defendants. | )<br>)<br>)<br>)<br>) |  |

## PLAINTIFF'S REQUEST FOR INSTRUCTIONS TO THE JURY

1.    Civil Rights Act.    This case involves a Federal Civil Rights law, 42 U.S.C. § 1983 which provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of state law, deprive that individual of any of his or her constitutional rights. The Civil Rights statute states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the Untied States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured….[1]

2.    Color of Law.    "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer. The plaintiff does not have to prove that the defendants were acting within the law. If the defendants were acting as police officers, then they were acting under color of law. [2]

3.    No Specific Intent Required.    It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if the defendants acted in a manner which resulted in violation of the plaintiff's rights. [3]

---

[1]    42 U.S.C. §1983; Deniz v. Municipality of Guaynabo, 285 F.3d 142, 145-46 (1st Cir. 2002); Monroe v. Pape, 365 U.S. 167 (1961).

[2]    Monroe v. Pape, 365 U.S. 167 (1961).

[3]    Gomez v. Toledo, 446 U.S. 635 (1980); Monroe v Page, 365 U.S. 167 (1961).

4.  **Testimony of Police Officers.** The testimony of a police officer should not be given any special consideration than those of other witness. People who are employed by the government, including law enforcement officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. A police officer who takes the witness stand subjects his or her testimony to the same examination and the same tests as any other witness and you should not believe them simply because they are police officers. In deciding whether to believe a witness and how much importance to give a witness's testimony, you may consider his or character, appearance, demeanor, and motive for testifying such as bias or interest in the outcome of the case. [4]

5.  **Joint Tortfeasors.** Where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one. [5]

6.  **Duty to Prevent Other Officers from Violation Rights.** Police officers have an affirmative duty to enforce the law and preserve peace. This include stopping other police officers from violating the law. A police officer may not ignore the duty impose by his office and fail to stop other officers who illegally punish a third person in his presence. Thus, if you find that one defendant violated the plaintiff's constitutional rights, and that another officer did nothing to prevent it, you may hold the second officer liable as well. [6]

---

[4]  Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981).
[5]  Prosser, Law of Torts, §46, 4th Ed. 1971, pp. 292-295.
[6]  Byrd v. Brishke, 446 F.2d 6, 11 (7th Cir. 1972).

7.  **Unreasonable Force.**    The plaintiff claims that excessive force was used by the defendants in connection with his arrest.  A person, even if he is being lawfully arrested or stopped, has a constitutional right to be free of excessive force.  An officer is entitled to use such force as a reasonable person would think is required to take on arrested into custody or to make a lawful stop, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer.  However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose.  Thus, if you find that the defendants used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendants are liable for a violation of the plaintiff's constitutional rights. [7]

8.  **Massachusetts Civil Rights Statute M.G.L. c. 12, §11.**  This case also involves the Massachusetts Civil rights Act which provides, in pertinent part:

> Any person whose exercise or enjoyment of rights secured by the constitution or laws of the Untied States, or of rights secured by the constitution or laws of the commonwealth, bas been interfered with, or attempted to be interfered with, by any person by means of threats, intimidation or coercion, may bring an action for money damages.

You may find the defendants liable for violating the Massachusetts civil rights statute if you find they interfered with, or even attempted to interfere with, by means of threats, intimidation, or coercion, plaintiff's enjoyment of his guaranteed rights under the constitution or laws of the United States or constitution or laws of Massachusetts.  These include the right to be free from the use of excessive force during an arrest. [8]

9.  **Intentional Infliction of Emotional Distress.**    The plaintiff is claiming that Defendant Sweet intentionally or recklessly caused infliction of emotional distress when he kicked the plaintiff multiple times and broke his glasses.  You may hold Defendant Sweet liable, if you find that  he intended to inflict  emotional distress or knew or should have known that emotional distress was likely to result from his conduct; his conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; his conduct caused the plaintiff's emotional distress; and the emotional distress suffered by the plaintiff was severe and of a nature that no reasonable person could be expected to endure.  It is not necessary for the plaintiff to prove that physical injury resulted from the severe emotional distress. [9]

---

[7]     Graham v. Connor, 490 U.S. 386 (1989); Tatro v. Kervin, 41 F.3d 9, (1st Cir. 1994); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).

[8]     M.G.L. c. 12, §11; Deas v. Dempsey, 403 Mass. 468, 530 N.E.2d 1240 (1988); Batchelder v. Allied Stores Corp., 393 Mass. 819, 473 N,E,2d 1128 (1985).

[9]     Foley v. Polaroid Corp., 400 Mass. 82, 508 N.E2d 82 (1987); Agis v. Howard Johnson Co., 371 Mass. 140, 355 N.E.2d 315, (1976); Simon v. Solomon, 385 Mass. 91, 431 N.E2d 561 (1982).

10.  **Malicious Prosecution.**  The plaintiff is claiming that Defendant Miranda maliciously instituted a prior legal proceeding against him and that he suffered harm as a result.  You may hold Defendant Miranda liable if you find that he instituted a prior criminal or civil proceeding against the plaintiff; the institution of the prior proceeding was done without probable cause; the institution of the prior proceeding was done with malice; and the prior proceeding terminated in favor of the plaintiff. [10]

11.  **Negligence.**  The plaintiff is claiming that the Defendant Miranda acted negligently by failing to provide him with medical care.  You may hold Defendant Miranda liable if you find that he owed the plaintiff a duty of care; defendant breached that duty of care or in other words was negligent; plaintiff suffered injury or harm; and the defendant's breach of duty was a cause of the plaintiff's injury or harm. [11]

12.  **Compensatory Damages.**  The fact that the plaintiff's rights are found to have been violated in itself entitles him to actual damages.  If you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

   Among the elements of injury and harm which you should consider are:

   (a)  The physical harm to the plaintiff during and after the incident, including ill health, physical pain, disability or discomfort.

   (b)  The emotional and mental harm to the plaintiff during and after the incident, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that plaintiff will, with reasonable certainty, suffer in the future.

13.  **Punitive Damages.**  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  The purpose of punitive damages is to punish the defendants for malicious conduct and to serve as an example or warning to others not to engage in such conduct.  Whether you decided to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiff's constitutional rights.  If you find that they have done one of those things, then you should award punitive damages.

---

[10] Beecy v. Pucciarelli, 387 Mass. 589, (1982); Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 178 N.E.2d 485 (1961).
[11] Sonsolo v. George, 58 F. 3d 791 (1st Cir. 1995); Mahan v. Plymouth County House of Corrections, 64 F. 3d 14 (1st Cir. 1995).

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions are deliberate, willful or made with reckless disregard of plaintiff's rights, punitive damages are appropriate. [12]

                                        Respectfully submitted,
                                        Mario E. Mendes,
                                        By his attorneys,

October 13, 2006                    /s/ Jose Couto Centeio
                                        Alvin S. Nathanson, BBO # 367480
                                        Jose Couto Centeio, BBO #554440
                                        Nathanson & Goldberg, PC
                                        2 Oliver Street
                                        Boston, MA 02109
                                        (617) 210-4815

---

[12] Smith v. Wade, 461 U.S. 30 (1983); Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553 (1st Cir. 1989).