UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIO E. MENDES,                    )
                    Plaintiff          )
                                        )
VS.                                      )          Civil Action No. 05-11292-DPW
                                        )
BRIAN SWEET and                  )
JOAQUIM MIRANDA             )
                    Defendants        )

_____

DEFENDANT BRIAN SWEET'S PROPOSED VOIR DIRE
_____

<u>42 U.S.C. §1983</u>

To prevail in a claim for relief under 42 U.S.C. 1983, the plaintiff must prove that the defendant violated a specific constitutional right of the plaintiff. <u>Paul vs. Davis</u>, 424 U.S. 693, 700 (1976). The burden of proof is on the plaintiff for all of his claims.

<u>42 U.S.C. §1983</u>

In this case the plaintiff alleges that defendant Sweet violated his Fourth

Amendment right to be free from excessive force.

<u>Excessive Force</u>

The use of excessive force by police officers can be a constitutional violation actionable under 42 U.S.C. §1983.  <u>Landigran vs. City of Warwick</u>, 628 F.2d 736, 741-742 (1st Cir. 1980).  However, even if force was used, not all unlawful force rises to the level of an actionable constitutional violation.  <u>City of Oklahoma City vs. Tuttle</u>, 471 U.S. 808, 105 S.Ct. 2427, 2433, n.4, 85 L.Ed.2d 791 (1985);  <u>Meola vs. Machado</u>, 602 F.Supp. 3, 6 (D. Mass. 1984).

<u>Excessive Force</u>

Not every push or shove, even if in hindsight it may seem unnecessary, violates a person's constitutional rights.  <u>Graham v. Connor</u>, _ U.S. _, 109 S.Ct. 1865 (1989).

<u>Excessive Force</u>

To be liable for unconstitutionally excessive force under 42 U.S.C. § 1983 you must find:

1.     that Trooper Sweet's actions caused severe injuries;

2.     that the force used was grossly disproportionate to the need for action under the circumstances; and

3.     that the amount of force used exceeded any privilege to use force.

<u>Jamieson vs. Shaw</u>, 772 F.2d 1205, 1210 (5th Cir. 1985).  <u>Hall vs. Tawney</u>, 621 F.2d 607, 613 (4th Cir. 1970).

<u>Use Of Force To Effectuate Arrest</u>

There is no right to resist even an illegal arrest.  <u>Commonwealth vs. Morreira</u>, 388 Mass. 596 (1983).

A police officer has the right to use such force as he may reasonably believe necessary to properly discharge his duty.  <u>Connors v. McNulty</u>, 697 F.2d 18 (1st Cir. 1982).  An officer authorized to make an arrest may use such force as is necessary to effect a lawful arrest. <u>Commonwealth v. Klein</u>, 372 Mass. 823 (1977); <u>Julian vs. Randazzo</u>, 380 Mass. 391, 403 N.E.2d 931, 934 (1980).  If the person resists arrest the officer may use such force as is reasonably necessary to overcome that resistance.

<u>No Right To Resist Arrest</u>

There is no right to use force to resist arrest. This is true even if the person being arrested believes the arrest is unlawful or without authority. The law requires that the individual submit to the authority of the arresting officer. <u>Commonwealth vs. Morreira</u>, 388 Mass. 596 (1983). Thus, the Plaintiff had no right to resist arrest.

<u>Right to Arrest</u>

Massachusetts State Police Officers have the right to arrest any person whom they have probable cause to believe has committed a crime.

<u>Probable Cause - Conviction</u>

The Plaintiff was found guilty of resisting arrest and found responsible for the civil violation of speeding.  His conviction for resisting arrest conclusively establishes that there was probable cause to arrest the Plaintiff.  The finding that he was responsible on the charge of speeding conclusively establishes that he was speeding when he was stopped by the Trooper Miranda.

<u>Deprivation of Liberty - Effect of Conviction</u>

The conviction of the Plaintiff on the charge of resisting arrest bars him from claiming that he was wrongfully deprived of his liberty.

<u>42 U.S.C. §1983</u>

For the Plaintiff to prevail on his claim under 42 U.S.C. §1983, he must prove that he was deprived of a specific constitutional right without due process of law.   It is not sufficient merely to prove that he was wrongfully injured.   <u>Shillingsford vs. Holmes</u>, 634 F.2d 263, 264 (5th Cir. 1973).

<u>Proximate Cause</u>

The plaintiff must prove in order to establish a §1983 violation is that the illegal acts were a <u>proximate cause</u> of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient connection between the act or omission of a police officer and any injury or damage sustained by a Plaintiff.  An injury or damage is proximately cause by an act or omission whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage.  Sand, <u>Modern Federal Jury Instructions</u>, ¶87.03 at instruction 87-79 (1990).

<u>Proximate Cause</u>

In order to be the proximate cause of an injury, an act or omission must be the moving force which resulted in the injury or damage. <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1165-66 (1st Cir. 1989).

<u>Damages - Reasonable, Not Speculative</u>

If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damages as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the Defendant's conduct.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.  <u>Bigelow vs. RKO Radio Pictures, Inc.</u>, 327 U.S. 251 (1946), reg. denied, 327 U.S. 817;  <u>Story Parchment Co. vs. Paterson Parchment Paper Co.</u>, 282 U.S. 555 (1931);  <u>Brown vs. United States</u>, 230 F.Supp. 774, 776 (D. Mass. 1964).

<u>Damages Not Objectively Ascertainable:</u>
<u>Nervousness, Depression, Etc.</u>


The Plaintiff must establish by a preponderance of the evidence the casual connection between the Defendant's act and the Plaintiff's injury.  If the injury for which damages are claimed is not ascertainable or apparent to you by objective evidence, such as his claims for nervousness, depression, or other mental conditions which the Plaintiff alleges were caused by the Defendant's acts, then you may not award any compensation unless there is expert medical testimony or other objective testimony through witnesses from which you can make an informed judgment as to the existence, nature, duration and seriousness of such condition, and whether it is causally related to the alleged conduct of the Defendant.  <u>Bullard vs. Central Vermont Ry., Inc.</u>, 565 F.2d 193, 197 (1st Cir. 1977);  <u>Perez vs. Rodriguez Bou</u>, 575 F.2d 21, 25 (1st Cir. 1961); <u>Rheaume vs. Patterson</u>, 289 F.2d 92, 97 (10th Cir. 1957), cert. denied, 355 U.S. 959 (1958).

<u>Punitive Damages</u>

Even if you find for the Plaintiff, punitive damages may be awarded in a §1983 action only where Defendants acted with "oppression, malice, gross negligence, willful or wanton misconduct, or a reckless disregard for the civil rights of the Plaintiff. <u>Dennison vs. Vietch</u>, 560 F.Supp. 435, 444 (1983).

## Punitive Damages

Punitive damages may not be awarded for any of Plaintiff's claims that do not include alleged violations of Constitutional or Federal Statutory Rights.  You may not award punitive damages for malicious prosecution or for assault and battery.

Liability of Individual Officers

The Plaintiff has brought suit against more than one State Trooper. Each Trooper is liable for his own actions and the plaintiff must separately establish the liability, if any, of each Trooper that he has sued. This is not to suggest that any Trooper violated the Plaintiff's rights in any way. Rather it reflects the fact that each Trooper's actions must be judged on their own merits, and the propriety of another trooper's actions are irrelevant to that determination. Each Defendant entitled to a fair consideration of his own defense, and is not to be prejudiced by your belief, if you should so believe, that the other officer violated the Plaintiff's rights. United States vs. Agueci, 310 F.2d 817, 829 (2nd Cir. 1962), cert. den. 372 U.S. 959.

The Massachusetts Civil Rights Act

Plaintiff alleges that Defendants' actions violated the Massachusetts Civil Rights Act. That Act prohibits interference with the exercise or enjoyment of rights secured by the Constitution or laws of either the United States or the Commonwealth where such interference was by "threats, intimidation or coercion". See Appleton vs. Town of Hudson, 397 Mass. 8, 12, 494 N.E.2d 10, 13 (1986).

Not every violation of law is a violation of the Massachusetts Civil Rights Act. A direct violation of a person's rights which does not by itself involve threats, intimidation, or coercion does not implicate the Act. Longval vs. Commissioner of Correction, 404 Mass. 325, 535 N.E.2d 588, 593 (1989).

Therefore, to find a violation of this act you must find that the Defendant used threats, intimidation or coercion to force the Plaintiff to do or not to do something otherwise

lawful. <u>Pheasant Ridge Assoc. v. Burlington</u>, 399 Mass. 771, 506 N.E.2d 1152, 1159 (1987).

Massachusetts Civil Rights Act

Plaintiff has alleged that he suffered a deprivation of rights in violation of the Massachusetts Civil Rights Act.  In order to prove a violation of this Act, a plaintiff must show by a preponderance of the evidence that a defendant used threats, intimidation or coercion to interfere, or attempt to interfere, with another person's exercise or enjoyment of rights secured by the United States Constitution, laws of the United States, the Massachusetts Constitution, or laws of the Commonwealth.  Deas v. Dempsey, 403 Mass. 468, 470, 530 N.E.2d 1239 (1988); M.G.L. c. 12 § 11H and I;  Commonwealth v. Guilfoyle, 402 Mass. 130, 521 N.E.2d 984, 987 (1988).

MCRA: Intentional Acts

Recovery under the Massachusetts Civil Rights Act is limited to civil rights deprivations which involved threats, intimidation and coercion.  In order to find a violation of the Massachusetts Civil Rights Act, you must find that a defendant engaged in intentional behavior, and that the defendant desired to cause the consequences of his act, or believed that the consequences were substantially certain to result from it.  Negligent or grossly negligent conduct is not sufficient to give rise to a violation of the Massachusetts Civil Rights Act.  Deas v. Dempsey, 403 Mass. 468, 470, 530 N.E.2d 1239 (1988);  Breault v. Chairman of the Board of Fire Commissioners, 401 Mass. 26, 36 n. 12 (1987), quoting Restatement (Second) of Torts 58A (1965).

Respectfully submitted,
For Defendant Brian Sweet,
By his counsel,

/s/ Brian Rogal_____
Brian Rogal, Esquire
BBO No. 424920
160 Gould Street, Suite 111
Needham, MA  02494
781-455-8964

Certificate of Service

I hereby certify that I have served a true copy of the foregoing document upon all counsel via first class mail.

Date:  10/13/06                          /s/ Brian Rogal_____