UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO E. MENDES,<br>      Plaintiff<br><br>VS.<br><br>BRIAN SWEET AND<br>JOAQUIM MIRANDA, in their individual capacities,<br>      Defendants | CIVIL ACTION<br>NO. 05-11292 DPW |

### DEFENDANT JOAQUIN MIRANDA'S PRE-TRIAL MEMORANDUM

Pursuant to the Court's Order the Defendant, JOAQUIN MIRANDA, files this pretrial memorandum relative to the above-entitled matter.

1. Trial Counsel for Defendant JOAQUIN MIRANDA

Jeremy I. Silverfine
Leonard H. Kesten
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

2. Case to be tried with a jury.

3. The defendant Joaquin Miranda ("Miranda") will offer the following evidence for trial.

On the evening of March 8, 2004, the plaintiff Mario Mendes ("Mendes") was driving on Route 3 north on his way home to New Hampshire. Miranda, a State Police Trooper, was engaged in stationary traffic enforcement with radar on Route 3 North in Chelmsford, Massachusetts. Trooper Miranda stopped Mendes for speeding. Trooper Miranda's radar gun recorded Mendes' speed as 83 miles per hour.

After Mendes pulled his car into the breakdown lane, Trooper Miranda approached Mendes, told him he was speeding and asked for his license and

registration. Mendes understood what Trooper Miranda asked of him as he handed his New Hampshire driver's license and registration to Trooper Miranda. Trooper Miranda radioed his dispatcher to check the license. The dispatcher reported to Trooper Miranda that Mendes' New Hampshire license was valid but his right to operate in Massachusetts had been suspended due to a payment default.

Trooper Miranda called for a tow truck because Mendes' right to drive in Massachusetts was reported to have been suspended. Mendes knew his car was going to be towed when he saw the tow truck. Mendes was standing outside his car when Trooper Miranda returned to car and told him that he was driving with a suspended license, that he could not drive his car and it was going to be towed. Mendes told Trooper Miranda in English that his license was not suspended and that he had a letter to prove it inside his car. Mendes stated he was going home and then pushed Trooper Miranda.

Trooper Miranda never kicked, punched or hit Mendes with anything. Trooper Miranda told Mendes he was under arrest and ordered him to put his hands behind his back so he could handcuff him. Mendes said he was leaving and a struggle ensued. Trooper Miranda put the handcuffs on Mendes' right wrist. Miranda told Mendes several times to put both hands behind his back so he could placed the handcuffs on his left wrist but Mendes refused. Mendes never told Miranda he had a pacemaker.

At some point Mendes and Miranda ended up on the ground in the travel lane of Route 3. Mendes continued to struggle with Trooper Miranda on the ground while Miranda attempted to put the handcuffs on Mendes' left wrist. Trooper Miranda tried pain compliance techniques and told Mendes numerous times to submit to the handcuffing or he would spray him with pepper spray. Mendes heard Miranda warned him he would use the pepper spray if he did not comply. Miranda sprayed

Mendes when he was refused to take his left hand off his chest to be handcuffed. The pepper spray had no effect as Mendes continued to struggle. Trooper Miranda radioed for back up and then saw the tow truck driver Charles Glancy ("Glancy") and asked him for assistance. Glancy observed Mendes struggling with Trooper Miranda and Mendes' refusal to be handcuffed. Miranda and Glancy dragged Mendes off the roadway and near Mendes' car. Trooper Hickey subsequently arrived and assisted in handcuffing Mendes. Trooper Miranda put Mendes in the back of his cruiser and called for an ambulance to "decontaminate" both men from the pepper spray and to treat both of them for the scrapes and bruises they received. An ambulance arrived and treated Mendes. Mendes had no visible injuries other than irritation to his eyes from the pepper spray.

Mendes never reported any physical complaints including that he had a heart condition or a pacemaker to the EMTs who responded to the scene. Mendes never told the EMTs that he had been abused or assaulted by the police. If Mendes had visible injuries or made complaints, he would have been transported to the hospital. Mendes agrees that he had an obligation to obey Trooper Miranda, but failed to do so.

Mendes was charged with assault and battery on a police officer, resisting arrest, disorderly conduct, speeding, operating driving with a suspended license. He was convicted of resisting arrest and speeding. Mendes admitted there was no actionable misconduct by Trooper Miranda or any other state troopers up to the point in time when he was placed in the police cruiser.

4.  The defendant Joaquin Miranda contests that he maliciously prosecuted Mendes or that he violated any state or federal civil right of Mendes or that he was negligent in any of his actions towards Mendes. At all times Trooper Miranda acted as a reasonable officer would have under the circumstances.

5.     The Defendant Miranda objects to and contests many of the plaintiff's listed "stipulated" facts contained within his pretrial memorandum. In particular the defendant objects to "stipulated" facts, 1. that Mendes was stopped for purportedly speeding; 2. that Trooper Miranda returned to Mendes upon the arrival of a tow truck; 3. Mendes told Trooper Miranda that his license was not suspended and that he had a letter inside to prove it; 4, that Miranda pushed Mendes away from the car as Mendes attempted to retrieve a letter; 5. that Mendes went directly to the emergency room after being held at the state police barracks; 6. Mendes speaks very little English; 7. that Mendes told Miranda he had had heart problems; and, 8. that Mendes placed his hand over his pacemaker and that Miranda was aware that Mendes had a pacemaker.

6.     No jurisdictional issues.

7.     Issues of Law:

Qualified immunity for Defendant Miranda. See case law submitted as part of Defendant Joaquin Miranda's First Request for jury Instructions.

Defendant objects to many of the plaintiff's listed "stipulated" facts in his pretrial memorandum

8.     N/A

9.     Summary judgment motion is still pending for Joaquin Miranda. Qualified immunity issue for defendant officers.

10.    Length of trial: 4-5 days

11.    Defendant's Witness List

   1.   Mario Mendes, plaintiff, 1023 Gage Ave., Deltona, Florida;
   2.   Brian Sweet, defendant, Division of Field Services, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
   3.   Joaquin Miranda, defendant, Division of Field Services, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
   4.   Trooper Joseph Hickey, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
   5.   Sergeant Sean K. Melvin, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
   6.   Trooper Robert Choquette, II, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;

7. Trooper Jose O. Alejandro, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
8. Trooper Kenneth J. Heffernan, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
9. Trooper John R. McNeil, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
10. Trooper Michael J. Miskell, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
11. Trooper James J. Foley, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
12. Trooper Michael P. Spencer, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
13. Sergeant James S. Gilhooley, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
14. Lieutenant Edward Amodeo, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
15. Sergeant George M. Smith, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
16. Trooper John M. Brandt, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
17. Trooper Timothy Connors, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
18. Trooper DeMarco, fact witness, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
19. Major Kelly, fact witness, Massachusetts State Police, Troop A-1, Massachusetts State Police, Route 125, Andover, Massachusetts;
20. Sergeant Shawn Newins, fact witness, Patrol Supervisor, Massachusetts State Police, Troop A-1, Route 125, Andover, Massachusetts;
21. Colonel Thomas G. Robbins, fact witness, Superintendent, Massachusetts State Police, Office of the Deputy Superintendent, 470 Worcester Road, Framingham, Massachusetts;
22. Lieutenant Colonel Charles E. Noyes, fact witness, Deputy Superintendent, Massachusetts State Police, Office of the Deputy Superintendent, 470 Worcester Road, Framingham, Massachusetts;
23. Lieutenant Colonel Thomas M. Walsh, fact witness, Commanding, Division of Field Services, Massachusetts State Police, Route 125, Andover, Massachusetts;
24. Edward Flynn, fact witness, Secretary of Public Safety, Massachusetts State Police, Office of the Deputy Superintendent, 470 Worcester Road, Framingham, Massachusetts;
25. Detective Lieutenant Debra Simon, fact witness, Massachusetts State Police, Division of Standards and Training, Internal Affairs Section, 470 Worcester Road, Framingham, Massachusetts;
26. Detective Lieutenant Martin Fay, fact witness, Massachusetts State Police, Division of Standards and Training, Internal Affairs Section, 470 Worcester Road, Framingham, Massachusetts;
27. EMT Stephen Brady, fact witness, Trinity Ambulance, 1221 Westford Street, Lowell, Massachusetts;

28. EMT Beth Corrigan, fact witness, Trinity Ambulance, 1221 Westford Street, Lowell, Massachusetts;
29. Charles Clancy, fact witness, l/k/a Lowell Automatic Transmission, 202 Chelmsford Street, Lowell, Massachusetts;
30. Bail Commissioner Brown, fact witness, unknown address, Massachusetts;
31. Vera. Mendes, fact witness, 1023 Gage Ave., Deltona, Florida;
32. Glauccy E. Mendes, fact witness, 1023 Gage Ave., Deltona, Florida;
33. Mario Mendes, Jr. fact witness, Bedford, Massachusetts.

12. Plaintiff's counsel has represented that the plaintiff, his wife and daughter will be present at trial. With that representation there is no expectation of reading any deposition testimony.

13. See separate submissions to Court for Defendant Joaquin Miranda's proposed jury instructions, voir dire, and special verdict form.

14. Defendant's motion *in limine* re: medical records redaction. Said motion has been filed separately from this memorandum.

Respectfully submitted,
The defendant Joaquin Miranda,
By his attorneys,

/s/ Jeremy Silverfine
Jeremy I. Silverfine, BBO#542779
Leonard H. Kesten, BBO#542042
**Brody, Hardoon, Perkins & Kesten, LLP**
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Date: 10.13.06