UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO E. MENDES,<br>    Plaintiff<br><br>VS.<br><br>BRIAN SWEET AND<br>JOAQUIM MIRANDA, in their individual capacities,<br>    Defendants | CIVIL ACTION<br>NO. 05-11292 DPW |

## DEFENDANT JOAQUIN MIRANDA'S MOTION IN LIMINE TO REDACT NON-TREATMENT RELATED INFORMATION FROM THE PLAINTIFF'S MEDICAL RECORDS

Now comes the Defendant Joaquin Miranda and requests that the Court order that all non-treatment related information contained within any medical records offered by the Plaintiff be redacted. This information would include statements made by the Plaintiff regarding the incident that is the subject of this action.

As grounds therefore, the defendant states that any such non-treatment related information is inadmissible hearsay, and should be precluded. Massachusetts law adheres to the doctrine that any out-of court statement offered into evidence to prove the truth of the matter asserted therein is considered to be hearsay, and thus inadmissible. Care and Protection of Martha & Others, 407 Mass. 319 (1990). A statement contained within a medical record that does not pertain to diagnosis or treatment does not fall within the medical records exception to the hearsay rule. Com. v. Harris, 65 Mass. App. Ct. 1106 (2005). In Manocchio v. Moran, the court held that had defendant objected specifically to the medical examiner's report's reference to the parking lot beating, the trial court should have redacted the material, just as it would redact

from a medical record any prejudiced hearsay concerning the particulars of a motor vehicle accident that were relayed to the doctor. 919 F.2d 770 (1st Cir. 1990).

To allow statements contained within the medical records that do not relate to medical treatment or diagnosis into evidence would be severely prejudicial to the Defendant. Such statements amount to at least double-layered hearsay, and do not contain the trustworthiness required to qualify as an exception to the hearsay rule. Accordingly, the Defendant requests that such information be redacted from any medical records offered into evidence.

        Respectfully submitted,
        The Defendant Joaquin Miranda,
        By his attorneys,


        /s/ Jeremy Silverfine
        Jeremy Silverfine, BBO No. 542779
        Leonard H. Kesten, BBO No. 542042
        Brody, Hardoon, Perkins & Kesten, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

Dated: October 13, 2006