UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO E. MENDES,            )   | |
|        Plaintiff        )   | |
|                          )   | |
| VS.                         )   | Civil Action No. 05-11292-DPW |
|                          )   | |
| BRIAN SWEET and             )   | |
| JOAQUIM MIRANDA             )   | |
|        Defendants      )   | |

_____

DEFENDANT SWEET'S PRE-TRIAL MEMORANDUM
_____

1. Trial Counsel for Defendant Sweet

   Brian Rogal
   Law Offices of Timothy Burke
   Suite 111, 160 Gould Street
   Needham, Ma. 02494
   781-455-0707

2. Case is to be tried to a jury.  Defendant consents to trial before a magistrate,

3. Summary of Defendant Sweet's evidence

Defendants Miranda and Sweet are Massachusetts State Police Officers (Troopers). On March 7, 2004 Tpr. Miranda stopped the Plaintiff, Mr. Mendes, for speeding on Route 3.  The Plaintiff admits that he was speeding.  A computer check showed that Mr. Mendes did not have a valid license to operate a motor vehicle in Massachusetts.  Tpr. Miranda elected to give Mr. Mendes a citation for that offense.  However, since Mr. Mendes was not licensed to drive in Massachusetts Tpr. Miranda called for a tow truck to tow his car off of Route 3.  Mr. Mendes was told that his car would be towed.  Mr. Mendes then attempted to get back in it.  When he refused to stop trying to get in the car

Tpr. Miranda placed Mr. Mendes under arrest. Mr. Mendes resisted arrest, refusing to let himself be handcuffed, and fighting with Tpr. Miranda. They both fell to the ground. Tpr. Miranda radioed for assistance. He also used pepper spray on Mr. Mendes, without success. As Mr. Mendes struggled he started to move into the travel lane. The tow truck operator, Mr. Glancey, grabbed his feet and pulled him back.

Tpr. Hickey arrived and found Mr. Mendes on the ground, with one hand in cuffs and one hand held under him. Mr. Mendes refused to allow his second hand to be pulled out or handcuffed. Tpr. Hickey was able to pull it out by putting pressure on his back and leveraging the arm out. Mr. Mendes was handcuffed and placed in Tpr. Miranda's cruiser.

Chelmsford police officers, two emts and Tpr. Sweet also arrived. Tpr. Sweet got Mr. Mendes out of the cruiser and brought him to the emts. They assessed Mr. Mendes, washed the pepper spray off of his face with water and asked him if he needed medical treatment. Mr. Mendes declined any further treatment. He was placed back in Tpr. Miranda's cruiser, taken to the State Police Barracks, booked and released. He was charged with and convicted of the crime of resisting arrest.

Mr. Mendes was picked up by his wife and daughter. They elected to take him to the tow lot to pick up his car. They then drove home and dropped off his daughter. Mr. and Mrs. Mendes then drove to the hospital, arriving in early morning. He was examined and released.

Tpr. Sweet denies that he kicked Mr. Mendes, and no witness saw him do so. Mr. Mendes' medical records show that he had some small scrapes and bruises and had a

small pneumothorax. The pneumothorax resolved without treatment. Any injuries Mr. Mendes had were incurred when he resisted arrest and struggled with Tpr. Miranda.

Mr. Mendes is expected to testify that he does not speak or understand English. Defendants will show that he understood what was said to him, that he spoke to Tpr. Miranda in English and that he frequently answers questions in English

4. Facts to be submitted to the jury.

    a. The parties have not stipulated to any facts.

    b. Attached are admissions of the plaintiff.

5. Contested issues of fact.

    A. Whether Tpr. Sweet kicked Mr. Mendes.

    B. Whether Tpr. Sweet caused Mr. Mendes any injury.

    C. The nature and extent of Mr. Mendes' injuries.

6. There are no jurisdictional questions.

7. Issues of law

A.


8. Defendant requests no amendments to the pleadings.

9. Additional Matters.

    Resolution of Defendant Miranda's Motion for Summary Judgment will assist in the resolution of this case.

10. Defendant estimates that the trial will take 4-5 days.

11. Defendant Sweet's witnesses

    A. Joaquim Miranda, Massachusetts State Police. Fact witness.

    B. Brian Sweet, Massachusetts State Police. Fact witness.

    C. Joseph Hickey, Massachusetts State Police. Fact witness.

    D. Sean Melvin, Massachusetts State Police. Fact witness.

    E. Jose Alejandro, Massachusetts State Police. Fact witness.

    F. EMT Beth Corrigan. Fact witness.

    G. EMT Brady. Fact witness.

    H. Charles Glancey, tow truck driver. 29 Saunders Circle Tewksbury, Ma. Fact witness.

12. Depositions.

Defendant does not expect to use depositions at this time other than for impeachment. However, if plaintiff does not call his daughter as a witness her deposition will be introduced since she lives in Florida. Plaintiff has stated that he will call his daughter as a witness.

13. Jury instructions and voir dire are being submitted separately. Defendant does not propose a special verdict form.

14. Defendant Sweet makes the following Motions in Limine.

    A. Motion to Preclude Plaintiff from attempting to offer any testimonial reference or assertion that he had a collapsed lung or a fractured rib as a result of the interaction with the defendants. Plaintiff and his wife have made statements that he had a collapsed lung and a fractured rib after this incident. His medical records do not evidence that he had a collapsed lung and they make no mention of that term. His records also do not state that he had a fractured rib. Plaintiff is not offering testimony from any treating physician or medical expert. Since there will be no admissible evidence

that plaintiff had either a collapsed lung or a fractured rib, it would be prejudicial to allow plaintiff or his wife or daughter to make such an assertion to the jury.

B. Motion to preclude plaintiff from attempting to offer hearsay evidence as to any alleged statement of any doctor.  Plaintiff and his wife have made various assertions as to what doctors told him with regard to his alleged injuries.  Any such statements would be inadmissible hearsay.  Again, plaintiff does not plan to have any doctor testify.  It would prejudicial to allow plaintiff, his wife or daughter to attempt to testify to any hearsay statement of any doctor.

C.  Motion to redact medical records to exclude hearsay statements.  Plaintiff plans to offer certain medical records.  Those records contain hearsay statements from the plaintiff.  Although the medical records may be admissible as to treatment he received, hearsay statements contained within the documents are not admissible and must be redacted.

Respectfully submitted
By Defendant Sweet's Attorney,

/s/ Brian Rogal
Brian Rogal, Esq., BBO #424920
Law Offices of Timothy Burke
160 Gould Street, Suite 111
Needham, Massachusetts 02494
(781) 455-0707

Certificate of Service

I hereby certify that I have served a true copy of the foregoing document upon plaintiff's attorney and that other counsel are served via the Court's electronic filing notification.


October 13, 2006                    /s/ Brian Rogal
                                    Brian Rogal, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIO E. MENDES, | ) | |
|     Plaintiff | ) | |
| | ) | |
| VS. | ) | Civil Action No. 05-11292-DPW |
| | ) | |
| BRIAN SWEET and | ) | |
| JOAQUIM MIRANDA, | ) | |
|     Defendants | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S SWEET FIRST REQUEST FOR ADMISSIONS

1. I was arrested on March 7, 2004 and charged with resisting arrest.

1A. Admit.

2. The arresting officer on March 7, 2004 was Trooper Joaquim Miranda.

2A. Admit.

3. I was charged with resisting Trooper Miranda's attempt to place me under arrest.

3A. Admit.

4. I was found guilty after a trial by jury in the Lowell District Court on a charge of resisting arrest.
4A. Admit.

5. I was represented by counsel during my trial on charges of resisting arrest.

5A. Admit.

6. The date of my conviction on the charge of resisting arrest was November 5, 2004.

6A. Admit.

7. I was sentenced to six months in the House of Corrections as a result of my conviction for resisting arrest, although that sentenced was suspended.

7A. Admit.

8. I was ordered to attend an anger management class as a result of my conviction for resisting arrest.

8A. Admit.

9. The requirement that I attend an anger management class was a condition of my probation.

9A. Admit.

10. I did not appeal my conviction for resisting arrest.

10A. Admit.

11. I was driving in excess of the speed limit when I was stopped by Trooper Miranda on March 7, 2004.

11A. Admit.

12. Trooper Miranda issued me a citation for speeding on March 7, 2004.

12A. Admit.

13. After a trial in the Lowell District Court I was found responsible on the citation for speeding issued by Trooper Miranda on March 7, 2004.

13A. Admit.


Signed under the pains and penalties of perjury <u>this</u> day of _____, 2006

                                         <u>/s/ Mario Mendes</u>_____
                                         Mario Mendes